930 F.2d 38
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Benjamin H. LANFORD, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 90-3503.
 United States Court of Appeals, Federal Circuit.
 March 8, 1991.
 
 Before ARCHER, MICHEL and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Benjamin H. Lanford appeals the March 9, 1990 initial decision of the administrative judge, which, when review was denied on August 7, 1990, became the final decision of the Merit Systems Protection Board, Docket No. SE07529010076. That decision dismissed his appeal for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 In order to establish jurisdiction, Mr. Lanford had the burden of showing that his resignation was involuntary and therefore tantamount to a dismissal. Scharf v. Department of the Air Force, 710 F.2d 1572, 1575 (Fed.Cir.1983). The Board applied this legal test and burden of proof to the facts of this case and found that Lanford had "failed to show that a reasonable person would have an objective basis to conclude that it was necessary to immediately resign in order to prevent entry of derogatory information into the NCIC." Slip op. at 6. This finding was based on its weighing of the testimony of Mr. Lanford and of Special Agent Dray as to what took place in the two interviews between them, and we cannot say that it was unsupported by substantial evidence. Indeed, whenever there were conflicts, the administrative judge assumed Lanford's version. The administrative judge nevertheless found no coercion, either from the fact of the investigating, the actions of Special Agent Dray, or the overall circumstances. The administrative judge specifically found there were no time pressures created by the agency.
 
 
 3
 It is unfortunate that when the agency properly launched its investigation into an alleged crime, Mr. Lanford decided that his immediate resignation was necessary to preserve his future career in law enforcement. It plainly was not so, and as the administrative judge found, no reasonable person would have so concluded.
 
 
 4
 But our review here of the MSPB's determinations involving allegedly coerced resignations is highly limited. Since the MSPB's finding, that Lanford's resignation was not shown to be involuntary, was supported by substantial evidence, was obtained through proper legal procedures (including an evidentiary hearing on the issue of voluntariness) and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we must affirm.
 
 COSTS
 
 5
 Each party shall bear its own costs.